{¶ 19} The majority acknowledges that a court does not err in accepting a plea so long as the court substantially complies with Crim.R. 11. The majority then concludes that the court below did not substantially comply with the rule because the court did not inform Karafiat about the waiver of pertinent constitutional rights, nor about possible imprisonment. I respectfully dissent.
 {¶ 20} The majority does not specify which constitutional rights remained unknown to Karafiat when he entered his plea. He complains that the court failed to advise him of his right to appeal and of the potential maximum prison sentence.
 {¶ 21} Karafiat, however, was not prejudiced by either omission. That Karafiat brings this appeal shows that he understood that right. Further, the trial court did not impose jail time. I note here that Karafiat was never subject to a possible prison term; he was subject to a potential term in the county jail. See, e.g., State v. Knight (12th Dist.), 2002-Ohio-4129 ("* * * a jail sentence is not the equivalent of, or part of, a prison term.").
 {¶ 22} In any event, the court did substantially comply with Crim.R. 11. Karafiat entered a knowing and voluntary plea and whatever failures the trial court may have made did not work to his prejudice. I would affirm.